EMPIRE TRUST COMPANY, as Temporary Trustee under a First Mortgage Between New York Postal Service Station, Inc., and Anglo - South American Trust Company, Plaintiff, *v.* NEW YORK POSTAL SERVICE STATION, INC., et al., Defendants.

Supreme Court, Additional Special Term, New York County, April 26, 1943.

*Goldsmith, Jackson & Brock* and *William Healy* for Bond-holders' Committee.

*Glass & Lynch* for plaintiff.

No appearance for defendants.

McLAUGHLIN, J. This is an action to foreclose a trust mortgage in which a corporate plan of reorganization was presented to the court pursuant to the provisions of the Burchill Act (Real Property Law, §§ 119–123), which plan was approved by the court on July 20, 1942. On March 18, 1943, a judgment of foreclosure and sale was entered in this action which contained a provision directing that all surplus funds in the hands of the trustee, at the completion of the foreclosure action and the consummation of the plan of reorganization, be paid *pro rata* to the present holders of the bonds secured by said trust mortgage in payment of accrued interest and in reduction of the principal amount of these bonds before said bonds are surrendered for the new securities to be issued under the provisions of said plan of reorganization.

A motion has been made by a bondholders' committee, in which motion the fee owner of the property covered by the trust mortgage joins, for a resettlement of the judgment of foreclosure and sale so as to eliminate the foregoing provision of the judgment and to leave the disposition of these surplus funds open until the completion of the foreclosure action when a separate application is to be made respecting these funds. If the resettlement is granted, it is the intention of these parties to apply to the court, after the completion of the foreclosure action, for an order directing that these surplus funds be paid over to the trustee under the new trust indenture and added to the sinking fund created by said indenture and used to retire the new bonds by way of tenders or purchase in the open market at prices lower than the principal amount of said bonds.

The disposition of the surplus funds, as proposed by the moving parties, would be of great benefit to the fee owner which is to retain its ownership under the plan of reorganization, and also to a few bondholders owning large blocks of said bonds, but would be detrimental to the interests of the bondholders as a whole.

The disposition of the surplus funds in the manner directed by the judgment of foreclosure and sale is fair and equitable to all the bondholders, and, in fact, no other or different manner of distribution is permitted by the statute (Burchill Act). Section 121 of the Real Property Law, after providing for the pur-

chase of the property covered by the trust mortgage by a corporation formed pursuant to a plan of reorganization and the delivery of the deed to said property in exchange for the stocks, bonds and other securities of such new corporation, further provides: '' The trustee, upon receiving such securities and any cash available from the new corporation, *shall distribute the same and any other funds or property constituting part of the trust estate, ratably amongst those parties interested in such mortgage, deed of trust or indenture* less such trustee's proper expenses and charges in connection therewith * * *.'' (Italics supplied.)

The motion to resettle the judgment of foreclosure and sale is accordingly denied.